UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DOUGLAS HAMMEL, ET AL. | CIVIL ACTION |
| VERSUS | NO: 06-7469 |
| STATE FARM FIRE & CASUALTY CO. | SECTION: "K"(2) |

### ORDER

Before the Court is Plaintiff's Motion to Remand (Rec.Doc.No. 7), wherein Plaintiff contends that the amount in controversy requirement is not met for the purposes of exercising subject matter jurisdiction under 28 U.S.C. § 1332 (diversity). The Court has previously addressed the amount in controversy requirement in the context of a motion to remand in *Rush v. American Security Ins. Co.*, No. 06-5345 (E.D. La. removed Aug. 28, 2006). In *Rush*, the Court held that if it is not facially apparent from the state court pleading that the amount in controversy exceeds $75,000, then the defendant must show by a preponderance of evidence that such is the case. *Id.*, at p. 6. The burden then shifts to the Plaintiff, who must show to a legal certainty that the amount in controversy does not exceed $75,000. *Id.*

Here, it is not apparent from the face of the petition that the amount in controversy exceeds $75,000; however Defendant offers evidence to support its allegation that the amount in controversy requirement is met. Defendant submits the Plaintiff's demand letter in support of the contention that the amount in controversy exceeds $75,000. *See* Opp. Mot. Remand, Exhibit 1 (Rec.Doc.No. 8). In the demand letter, Plaintiff submits that the policy covers damages to the dwelling, personal property, loss of use, and other structures. *Id.*, Exhibit 1, at p. 7. The total requested is greater than $75,000. Defendant also claims the amount in controversy requirement is met by virtue of the fact that Plaintiff seeks attorney's fees and penalties. Thus, the Court finds that Defendant has shown by a preponderance of evidence that the amount in controversy exceeds $75,000. Plaintiff has not demonstrated to a legal certainty that the amount in dispute is less than $75,000. Following the standards set forth in *Rush*, the Court finds that removal was proper and jurisdiction does exists under 28 U.S.C. § 1332. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec.Doc.No. 7) is **DENIED**.

New Orleans, Louisiana, on this __5th__ day of March, 2007.

                              _____
                              **STANWOOD R. DUVAL, JR.**
                              **UNITED STATES DISTRICT COURT JUDGE**